IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| Patricia Talbert, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | 13-03379-CV-S-JTM |
| Progressive Northwestern Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On November 7, 2009, plaintiff Patricia Talbert ("Talbert") was injured when a 2005 Honda motorcycle on which she was a passenger (and that was being operated by husband) was involved in an accident. At the time of the accident, Talbert's husband had obtained an insurance policy [No. 57240310-0] on the motorcycle from defendant Progressive Northwestern Insurance Company ("Progressive"). The policy had a liability limit of $100,000 per person, but with a limit of $25,000 per person if the "household exclusion clause" applied. Progressive determined that the clause did apply to Talbert and paid Talbert $25,000.

A year after the motorcycle accident, Progressive filed a declaratory judgment action in the Circuit Court of Henry County, Missouri, seeking a declaration that "Policy No. 57240310-0 provided only $25,000 of liability coverage to [Talbert's husband] for injuries to Patricia Talbert [for the motorcycle accident]." *Progressive Northwestern Insurance Company v. Patricia Talbert*, Case No. 10TE-CC00491 (Mo. Cir. Ct. [Henry Cty.]), Petition for Declaratory Judgment, at 3. Thereafter, Talbert answered and asserted that:

> [Talbert] is entitled to a declaratory of law [*sic*] that she is entitled
> to insurance coverage pursuant to the contract provided by
> [Progressive] of $100,000 for the injuries she sustained in [the
> motorcycle] accident.

*Progressive Northwestern Insurance Company v. Patricia Talbert*, Case No. 10TE-CC00491 (Mo. Cir. Ct. [Henry Cty.]), Answer of Defendant Patricia Talbert, at 3. After the parties filed cross motions for summary judgment, the state court trial judge entered a Judgment in favor of Talbert "on the unpaid policy limits of seventy five thousand dollars." *Progressive Northwestern Insurance Company v. Patricia Talbert*, Case No. 10TE-CC00491 (Mo. Cir. Ct. [Henry Cty]), Judgment, at 1.[1]

Progressive then appealed the case to the Missouri Court of Appeals, Southern District. On March 26, 2013, the appellate court reversed the trial court judgment, finding that (1) the "household exclusion clause" was partially enforceable under Missouri law, and (2) the Progressive policy was not unenforceable due to ambiguity or unconscionableness. *Progessive Northwestern Insurance Co. v. Talbert*, 407 S.W.3d 1, 8 (Mo. App. [S.D.] 2013). In addition, the court of appeals noted that Talbert additionally argued that she was "entitled to Underinsured Motorist Coverage" under the Progressive policy. *Id*. at 11 n.14. The court, however, noted that Talbert had not raised this argument in her original motion for summary judgment before the trial court and, as such, the appellate court would not consider the argument. *Id*. (*citing* MO. R. CIV. P. 74.04(c)).

Following Talbert's loss in the state appellate court, she filed the present action in the Circuit Court of Wright County, Missouri, seeking damages from Progressive's alleged vexatious refusal to pay "underinsured motorist coverage" to Talbert. After Progressive removed the case to this Court, it filed the presently pending motion for summary judgment. Progressive argues that this lawsuit must be dismissed based on *res judicata*. The Court agrees.

---

[1] The trial court found that the aforementioned "household exclusion clause" rendered the insurance policy "an unconscionable adhesion contract." *Progressive Northwestern Insurance Company v. Patricia Talbert*, Case No. 10TE-CC00491 (Mo. Cir. Ct. [Henry Cty]), Judgment, at 1.

It is well-settled that "[t]he law of the forum that rendered the first judgment controls the *res judicata* analysis." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (*quoting Laase v. County of Isanti,* 638 F.3d 853, 856 (8th Cir. 2011). Here, the state courts of Missouri rendered the first judgment. Under Missouri law:

> The compulsory counterclaim rule is simply the codification of the principles of *res judicata* and collateral estoppel. Claims and issues which could have been litigated in a prior adjudicated action are precluded in a later action between the same parties or those in privity with them. The function of this rule is to serve as a means of bringing all logically related claims into a single litigation, through the penalty of precluding the later assertion of omitted claims.

*Adamson v. Innovative Real Estate, Inc.*, 284 S.W.3d 721, 728-29 (Mo.App. [S.D.] 2009). In Missouri, *t*o determine if a cause of action is single and cannot be split, a trial court must consider:

(1) whether the separate actions brought arise out of the same act or transaction; and

(2) whether the parties, subject matter, and evidence necessary to sustain the claim are the same in both actions.

*Hollida v. Hollida,* 190 S.W.3d 550, 556 (Mo. App. [S.D.] 2006). Moreover, the term "transaction" has been held to be a term of broad and flexible meaning which is intended to include all the facts and circumstances constituting the foundation of a claim and should be applied so as to bring all logically related claims into a single litigation. *Scott v. Flynn,* 946 S.W.2d 248, 252 (Mo. App. [E.D.] 1997).

Applying these tenets to the case at hand, the Court concludes that Talbert could have (and, thus, should have) asserted a claim for coverage under the "underinsured motorist" provisions of the Progressive policy when she asserted her claims in the original underlying state court declaratory judgment action. Indeed, it is not clear that Talbert did not actually raise the

3

claim with state trial court. As Talbert noted in her brief with the Missouri appellate court, she believed that in answering the declaratory judgment action "she affirmatively pled that she was entitled to a declaration of law that she was entitled to insurance coverage pursuant to the contract provided by [Progressive] of $100,000 for the injuries she sustained." Whether Talbert specifically argued for coverage for an "underinsured motorist," is somewhat ambiguous. What is evident, however, is that Talbert was seeking coverage under the Progressive policy in the state court and, consequently, was required to assert any and all of her claims for coverage under such policy in the state court. Moreover, the fact that Talbert's present claim is one for alleged vexatious refusal to pay does not save her from the application of *res judicata*. *Compare Creative Walking, Inc. v. American States Insurance Co.*, 25 S.W.3d 682, 687 (Mo. App. [E.D. 2000) (*res judicata* barred insured's vexatious-refusal-to-pay claim which could have been raised in insurer's original declaratory judgment).

For the foregoing reasons, it is

**ORDERED** that *Defendant Progressive Northwestern Insurance Company's Motion For Summary Judgment,* filed October 28, 2013 [Doc. 5] is **GRANTED**. Accordingly judgment in this matter is entered in favor of Progressive Northwestern Insurance Company.

      */s/ John T. Maughmer*
      **John T. Maughmer**
  **United States Magistrate Judge**